**Steve MARTIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 1, 1974.

Rehearing Denied April 26, 1974.

Anthony M. Wilhoit, Public Defender, J. Vincent Aprile, II, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

Appellant Steve Martin was convicted in the Kenton Circuit Court on October 6, 1972, of murdering Judith Ann Green, a ten-year-old, in Covington. KRS 435.010. Appellant was also convicted of being an habitual criminal under KRS 431.190. Although the verdict fixed a sentence of life imprisonment for both charges the trial court imposed only the penalty adjudged for murder.[1] Notice of appeal was filed on October 26, 1972.

1. See Johnson v. Commonwealth, Ky., 445 S.W.2d 704 (1969).

The victim was found early on the evening of May 2, 1972, with severe head injuries; she died shortly thereafter in the hospital to which she was taken. Several witnesses saw appellant and the victim together in the vicinity of the scene within an hour before the victim was found, and medals resembling medals worn by appellant on his army uniform were found at the scene. There were no witnesses to the murder itself.

Appellant first contends that the trial court erred by overruling appellant's motion for a directed verdict of acquittal at the close of the evidence for the Commonwealth because the evidence was insufficient to support a verdict of guilty.

A girl friend of the victim testified that she (the friend) and the victim had played together until 5:45 p.m. on the day of the murder, and that at between 5:55 and 6:00 p.m. she (the friend) saw appellant and the victim together, by themselves.

Another witness stated that she saw appellant and the victim together at about 5:30 p.m.; and two other witnesses placed appellant and the victim together in the immediate vicinity of the scene of the murder at some time between 6:00 and 6:30 p. m. Yet another witness saw the two together near the scene at a time between 6:30 and 6:45 p.m., walking toward the area where the victim was found.

And a witness testified that at 7:00 p.m. he saw appellant walking away from the area in which the victim was found at about 7:30 p.m. A nurse who was present at the scene testified that she thought the injuries to the victim had been inflicted very recently.

Police officers found at the scene a medal and a service ribbon, which according to another witness, were identical to those which appellant had worn on the army uniform which he was wearing in the afternoon and early evening on the day of the murder.

A special agent for the Federal Bureau of Investigation testified that he found specks of human blood on the trousers and shirt of the uniform appellant wore on the day of the murder, but that the specks were too small to permit him to type the blood.

■ We hold that although no one testified that he saw appellant commit the crime with which he was charged the Commonwealth presented ample evidence to take the case to the jury and that the trial court did not err when it overruled defense counsel's motion for directed verdict of acquittal.

■ The second issue presented is whether the trial court abused its discretion by allowing the prosecution to impeach appellant by inquiring of his previous felony convictions. This court has said that impeachment of

". . . a defendant in a criminal case, by proof of conviction of felonies that rest on dishonesty, stealing, and false swearing, subject, however, to . . . limited [discretion] . . . in the trial judge to limit such evidence . . . [is permissible]. The nearness or remoteness of the prior conviction is a relevant factor to consider in the exercise of this discretion. . . . The age . . . of the defendant [is also a factor to be considered.]" Cotton v. Commonwealth, Ky., 454 S.W.2d 698, 701 (1970).

Under cross-examination appellant testified that he had been convicted of: 1) breaking and entering (October 1961); 2) forgery (August 1963); 3) operating a motor vehicle without the owner's consent (April 1966); 4) breaking and entering (August 1968); 5) breaking and entering (March 1971). Under the facts of the case at bar it was not error for the trial court to permit testimony as to the above-listed convictions for impeachment purposes.

■ The third issue, that appellant's right to a fair trial was substantially prejudiced by the jury's constant exposure to incompetent, irrelevant and immaterial evidence, was not objected to at trial and is not properly preserved.

The judgment is affirmed.

All concur.