316

**Emile (Pete) BELL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 7, 1975.

Anthony M. Wilhoit, Public Defender, Anna H. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Mary Ann Delaney, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

The appellant's sole contention, on this appeal from a judgment sentencing him to a term of 10 years in the penitentiary pursuant to a verdict convicting him of armed robbery, is that the trial court erred in denying his motion for a mistrial after the prosecuting attorney, on cross-examination of the appellant, undertook to impeach his credibility by asking him: "Have you ever been convicted of a felony?" The appellant's contention is that under Cotton v. Commonwealth, Ky., 454 S.W.2d 698, the only permissible question is one which asks whether the defendant has been convicted of a *specific offense* (after a determination on a hearing in chambers that the offense is one involving dishonesty, stealing or false swearing as defined in *Cotton*).

In the instant case it was ascertained on a hearing in chambers that the defendant had previously been convicted of armed

robbery, an offense which falls in the dishonesty or stealing category as defined in *Cotton*, and the trial judge "granted leave to the Commonwealth to inquire as to the conviction of the prior felony involving moral turpitude." However, as hereinbefore stated, the question actually asked was simply whether the defendant had been convicted of "a felony," to which he answered "Yes," following which the judge gave the customary admonition as to impeachment purpose, and the defendant's counsel then moved for a mistrial.

The Commonwealth maintains that once there has been the determination in chambers that the defendant has been convicted of a prior felony involving dishonesty, stealing or false swearing, it is proper (or at least not prejudicial error) for the defendant to be asked simply whether he has been convicted of "a felony." The Commonwealth argues that the defendant could not be prejudiced by such a question because to disclose to the jury, on a trial for armed robbery, that the defendant previously had been convicted of the same offense, would be more harmful to his cause than the mere disclosure of his previous conviction of some unidentified felony.

The appellant is correct in his interpretation of *Cotton*, because the opinion says plainly that the impeaching question shall be whether the witness has been convicted of *the specific offenses*. It is true also that *Cotton* held that a violation of its precepts (properly preserved) constituted reversible error. However, the problems that are being presented to us in a number of pending appeals (this one and several others), growing out of noncompliance with *Cotton* in one or another respect, have induced us to give reconsideration to the matter of the form of the impeaching question, and the method of preserving error, particularly as relates to impeachment of a criminal-defendant witness.

It is obvious that any evidence with respect to a criminal defendant's prior conviction of a felony will hurt his case, but our law always has allowed impeachment of the defendant, as a witness, by reference to prior such convictions. If the jury is capable of the mental discipline contemplated by the admonition that the evidence be considered only as it affects the defendant's credibility, the defendant legitimately will be exposed to the harm of the jury's being induced to believe that the defendant's story in the case on trial is not true. If the jury does not have that capability, the defendant unfairly may suffer the harm of the jury's being influenced to punish the defendant for his habit of criminality.

The aim of *Cotton* was to minimize the potential of the latter harm to the defendant from the impeachment procedure. *Cotton* specifically outlaws questioning as to any felonies other than those involving dishonesty, stealing or false swearing, and as to the latter it calls for a careful consideration of the probability of prejudice, and for the exercise by the trial court of discretion as to *limiting* or even *prohibiting* the impeaching questions.

In providing that the impeaching question shall inquire of the specific offenses, the protective purpose of *Cotton* was to see that the jury, in passing on credibility, was made aware of the relevance of the previous conviction to that issue, so that the jury would not make a determination of lack of credibility on the basis of irrelevant considerations. That is a valid purpose. It appears, however, that in some instances the defendant may not want that protection, believing that the identification of the particular offense will do him more harm, in that if the previous offense was of the same kind as the one being tried the jury will tend to treat him as an habitual offender, or if the previous offense was one specifically involving credibility, such as the offense of false swearing, the jury will more easily be convinced of his present lack of credibility.

Of course under *Cotton* as it now stands the defendant has a limited form of option

of which hazard he will seek, in that if the prosecutor does not identify the specific offense in the impeaching question, the defendant simply may remain quiet, voicing no objection. The trouble is that in the instant case and in some of the other appeals now before this court, the appellants are taking the position that the defendant may obtain a reversal through the device of simply objecting to the question, without committing himself to the choice that the identity of the offense be disclosed.

 It is our opinion that if the prosecutor (after determination has been made out of the presence of the jury that the prior felony is relevant to credibility) elects to ask as to conviction of an unidentified felony, the defendant (through his counsel) should have the obligation to make a decision as to whether he wants the identity of the offense to be disclosed. If he does want it disclosed either he should request of the trial court forthwith that he be permitted to state what the prior offense was or he should, on redirect examination, make the disclosure. If he does neither, it will be presumed that he preferred that the offense not be identified.

The practical effect of this conclusion is that the prosecutor will have the option, when he asks the impeaching question, of whether or not to identify the offense.[1] If he does, the defendant has no basis for complaint. If he does not, the defendant may choose to have the offense identified. Of course if the defendant's request for identification is denied, a claim of prejudicial error will have been preserved.

Although the foregoing discussion has been in terms of the impeachment of criminal-defendant witnesses, the conclusions we have reached are and will be applicable equally to witnesses other than criminal defendants.

[1.] This assumes that a determination has been made out of the presence of the jury that the prior felony is relevant to credibility and the trial court has ruled that it properly may be the basis of an impeaching question. We

Applying the foregoing conclusions to the facts of the instant case, we find no basis for a finding of prejudicial error, because the appellant sought to establish error simply by moving for a mistrial after the impeaching question was asked, without a request that the identity of the prior offense be disclosed.

The judgment is affirmed.

All concur.

do not deal in this opinion with the question of how error is to be preserved if the prosecutor, without the prior determination of relevancy undertakes to impeach the defendant by reference to previous conviction of felony.