COMMONWEALTH of Kentucky,
Movant,

v.

Ben Thomas MORRIS, Respondent.

Supreme Court of Kentucky.

March 31, 1981.

Steven L. Beshear, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for movant.

Frank W. Heft, Jr., Chief Appellate Defender, Daniel Goyette, Jefferson Public Defender, Louisville, for respondent.

## OPINION OF THE COURT

CLAYTON, Justice.

Ben Thomas Morris was convicted of two counts of theft by failure to make required disposition of property and his sentence set at five years on each count. These terms were enhanced to ten years each when Morris was found to be a first degree persistent felony offender.

The Court of Appeals reversed the convictions and ordered a new trial. We subsequently granted the Commonwealth's motion for discretionary review. The sole question presented in this appeal is whether the trial court erred in allowing the prosecution to cross-examine Morris about his prior felony convictions.

The record reflects that Morris had been previously convicted of one count of obtaining money under false pretenses and five counts of forgery. When the Commonwealth revealed that these prior convictions would be used to impeach Morris, the trial court properly conducted a hearing pursuant to *Cotton v. Commonwealth*, Ky., 454 S.W.2d 698 (1969). The judge concluded that the probative value of the prior convictions outweighed any prejudice and ruled this evidence admissible. It should be noted that the prior felonies had already been alluded to in Morris' opening statement to the jury. After the *Cotton* hearing he likewise testified on direct examination that he was a convicted felon. The nature and circumstances of these offenses, however, were not introduced. On cross-examination

the Commonwealth's Attorney was permitted to elicit the specific nature of Morris' prior convictions over his objection.

The Court of Appeals, relying on *Bell v. Commonwealth*, Ky., 520 S.W.2d 316 (1975), reversed on the grounds that the trial court could not permit the prosecutor to identify Morris' prior felony convictions on cross-examination once he admitted them on direct examination. We disagree.

 Once a prior felony conviction is ruled admissible pursuant to a *Cotton*-type hearing, either the prosecution or the defendant may introduce the nature of the prior offense. This is especially applicable when the defendant first interjects a prior conviction in such a way that it is not explained to the jury. *Skillern v. Commonwealth*, Ky., 490 S.W.2d 490 (1973); *Blair v. Commonwealth*, Ky., 458 S.W.2d 761 (1970).

The Court of Appeals' reliance upon *Bell*, supra is misplaced. *Bell* certainly recognizes no "right" of the defendant to force a disclosure of the crime underlying a prior conviction. Nor does it provide a defendant with a right to prevent disclosure of a prior conviction. *Bell* merely acknowledges that a criminal defendant may elect to disclose the underlying crime if the prosecution fails to do so in asking the impeaching question. As the opinion states:

> The practical effect of this conclusion is that the prosecutor will have the option, when he asks the impeaching question, of whether or not to identify the offense. If he does, the defendant has no basis for complaint. If he does not, the defendant may choose to have the offense identified.

*Bell*, supra at 318.

The decision of the Court of Appeals is reversed, and the judgment of the Jefferson Circuit Court is affirmed.

All concur.