George Howard WILLIAMS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Dec. 28, 1982.

**336**

Jack E. Farley, Public Advocate, Rodney McDaniel, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

The Grand Jury of Jefferson County, Kentucky, on October 21, 1981, returned a four-count indictment against the appellant, George Howard Williams, charging him with one count of capital murder (KRS 507.020), two counts of robbery in the first degree (KRS 515.020), and one count of persistent felony offender in the first degree (KRS 532.080). The first and second counts were severed from the other counts. Counts three and four were tried separately. Appellant was found guilty and sentenced to 35 years' imprisonment. On this appeal appellant presents six alleged errors.

On August 9, 1981, in the early hours of the morning, the appellant and Thaddeus Miller approached the victim of the robbery, James Lacy Graham, an acquaintance, as he was walking home from his place of employment. Appellant pointed a .357 Magnum revolver at Graham and demanded all of his money or get "his head blown off." Graham gave his assailants $100. Appellant and his cohort Miller departed, and, shortly thereafter, Graham reported the robbery to the police. Appellant denied the robbery and stated that he knew of no reason for Graham to charge him with this offense. Appellant's alibi defense was that he was home at the time of the alleged robbery. About two weeks after the robbery and, of course, some period of time prior to the trial (March 4–5, 1982), appellant's mother gave Mr. Graham the sum of $100, allegedly to repay a loan which Graham had made to appellant.

Immediately prior to the commencement of the trial counsel for appellant advised the judge that he had learned that a lunacy warrant had been taken out for Graham and that he had been sent to Central State Hospital for treatment. The prosecuting attorney advised the court that she had only known of the warrant incident for a couple of days. Thereupon, the trial judge held an in-chambers hearing on the competency of Graham to testify. Graham denied all such charges. He did state, however, that his sister had spitefully sworn out the lunacy warrant against him, but that he had not been hospitalized. He did see a psychiatrist, who found nothing wrong with him. The trial judge found that Graham had not been hospitalized; that he had conferred with his counsellor concerning a dispute he had with his sister; that there was not an iota of evidence to show that he was mentally incompetent in any way, shape, form or fashion, and that Graham was competent to testify.

Appellant first alleges that the trial court erred in not granting him a continuance so that he could make more inquiry as to the competency of the complaining witness Graham to testify.

KRS 421.200 provides, subject to the exceptions and modifications contained in KRS 421.210, not here applicable, that "every person is competent to testify for himself or another, unless he be found by the court incapable of understanding the facts concerning which his testimony is offered." The court, upon motion and sufficient cause shown by either party, may grant a postponement of the hearing or trial. RCr 9.04.

The granting of a continuance is in the sound discretion of a trial judge, and unless

from a review of the whole record it appears that the trial judge has abused that discretion, this court will not disturb the findings of the court. From a review of the whole record in this action, we do not find that the trial judge erred in refusing appellant's motion for a continuance.

■ Counsel for appellant attempts to make an issue out of the action of the trial judge in refusing to permit reference to be made to the issuance of a mental inquest warrant. The competency of this testimony was not raised in the trial court; consequently, it is waived.

■ Appellant charges that he was deprived of due process of law when his credibility was impeached with the use of convictions obtained when he was not represented by counsel.

The transcript of record discloses that counsel for the appellant, in his voir dire of the prospective jurors, stated that appellant had a prior felony conviction. In his opening statement to the jury, counsel for appellant again brought to the attention of the jury that appellant had a prior felony conviction. On re-cross examination of appellant by counsel for the Commonwealth, he was asked whether he had been convicted of three prior counts of armed robbery. Appellant responded, "Yes, I have been convicted of three counts of Robbery." On motion of counsel for the Commonwealth, the trial judge admonished the jury that the prior convictions go to appellant's credibility and may not be considered for any other purpose. The issue presented is not the propriety of the inquiry which was made as to whether appellant had a prior felony conviction or whether he had more prior felony convictions. Likewise, the issue is not whether appellant was entitled to the type of hearing provided for in *Cotton v. Commonwealth,* Ky., 454 S.W.2d 698 (1970). The issue which appellant presents is whether the former convictions, regardless of the number of convictions, were obtained when appellant was not represented by counsel. He seems to conclude that he could not be convicted unless he was represented by counsel. Appellant has not charged or proved that counsel was requested and denied, or that, in the absence of counsel, appellant was not intelligently, competently, understandably, or voluntarily informed.

In *United States v. Dority,* 487 F.2d 846 (1973), the court held that an accused may waive his right to counsel. In *Sykes v. Commonwealth,* Ky., 553 S.W.2d 44 (1977), this court held that if the accused had desired to forego the benefit of counsel he would have been entitled to do so.

During the sentencing portion of appellant's bifurcated proceeding, he admitted that at least in one of the prior convictions he was represented by counsel. We conclude that the trial court did not err in admitting in evidence the fact that, while uncounseled, the appellant had three former felony convictions.

■ The appellant next argues that the trial court erred by allowing the prosecution to introduce the nature of appellant's prior felony convictions.

In *Commonwealth v. Morris,* Ky., 613 S.W.2d 616 (1981), this court stated:

"The record reflects that Morris had been previously convicted of one count of obtaining money under false pretenses and five counts of forgery. When the Commonwealth revealed that these prior convictions would be used to impeach Morris, the trial court properly conducted a hearing pursuant to *Cotton v. Commonwealth,* Ky., 454 S.W.2d 698 (1969). The judge concluded that the probative value of the prior convictions outweighed any prejudice and ruled this evidence admissible. It should be noted that the prior felonies had already been alluded to in Morris' opening statement to the jury. After the *Cotton* hearing he likewise testified on direct examination that he was a convicted felon. The nature and circumstances of these offenses, however, were not introduced. On cross-examination the Commonwealth's Attorney was permitted to elicit the specific nature of Morris' prior convictions over his objection.

. . . .

Once a prior felony conviction is ruled admissible pursuant to a *Cotton*-type hearing, either the prosecution or the defendant may introduce the nature of the prior offense. . . ."

Be it remembered that counsel for appellant, both during his voir dire examination and in his opening statement, advised the jury that appellant had a prior felony conviction. Also, the appellant admitted that he had three prior felony convictions for robbery, not just the one which counsel for appellant mentioned. *Commonwealth v. Morris,* supra, is dispositive of the issue. The Commonwealth's Attorney had the option to identify the prior offenses, and the trial judge did not err in permitting him to do so.

■ Next, the appellant charges that the prosecutor's improper comments during closing argument constituted error which substantially prejudiced him.

In the closing argument for the Commonwealth, the prosecuting attorney asked the jury to compare the evidence produced by the appellant to that of the victim "who has no criminal record." Counsel for appellant objected to the remark referring to the fact that the victim had no criminal record. The objection was overruled, and no admonition was sought or given. During one of the many bench conferences or in-chambers conferences, it was made known that Graham had no criminal record. Throughout the opening statements of counsel for both the appellant and the Commonwealth, as well as in their closing arguments, counsel solicited the jury not to take the case lightly. Appellant and Graham were acquaintances of longstanding, and appellant lived with Graham's cousin. The fact that Graham would testify was well known to counsel for appellant. The trial was a swearing match between appellant and Graham, and if Graham's credibility could have been attacked by showing that he had a criminal record, it would have undoubtedly been attacked. The fact that appellant did not attack Graham's credibility creates a presumption that such testimony, if provided, would be unfavorable to appellant.

It is the duty of the prosecuting attorney to confine himself to the facts in evidence and fair inferences that may be drawn therefrom. A wide latitude is allowed the prosecuting attorney in his argument to the jury, and we do not find the single, unrepeated statement pertaining to Graham's criminal record to be outside the bounds of reason or prejudicial to his rights.

■ Appellant charges that his conviction as a persistent felony offender must be reversed inasmuch as it was based on invalid prior convictions.

The persistent felony offender charge grew out of two prior convictions in the Jefferson Circuit Court for armed robbery (Indictments Nos. 134222 and 138973). The record in Indictment No. 138973 discloses that appellant had counsel. It is not disclosed, however, that appellant had counsel at every step of the proceeding, only that at some time during the proceeding in the circuit court appellant had the benefit of counsel. The record in Indictment No. 134222 does not reflect that appellant was represented by counsel at any stage of the proceeding. Appellant testified that he was not represented by counsel on either of these charges.

In *Phillips v. Commonwealth,* Ky., 559 S.W.2d 724 (1977), this court considered the propriety of two prior felony convictions where the judgments were silent concerning whether Phillips was represented by counsel. In disposing of the issue, after a meticulous analysis of *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Burgett v. State of Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); and *Loper v. Beto,* 405 U.S. 473, 475, 92 S.Ct. 1014, 1015, 31 L.Ed.2d 374 (1972), this court said:

"... Thus it is demonstrated that in *Loper* both the plurality opinion and the dissenting Justice Rehnquist agreed on at least one proposition: the defendant has the burden to produce evidence that his constitutional right to counsel was improperly denied him. . . .

If Phillips' argument is carried to its logical conclusion, thirty-year-old judgments must recite affirmatively, and in specific terms, that every constitutional right of a criminal defendant, either then known or later discovered and made retroactive, was afforded him. The defendant would not be required to assert that he had suffered the deprivation of a constitutional right, he need not risk perjury, all that is required is that he silently point to a silent record. The administration of criminal justice becomes a chess game totally unrelated to a search for truth.

Phillips had a constitutional right to counsel unless he voluntarily and intelligently waived that right. He has neither claimed that he had no counsel in this thirty-year-old conviction nor has he claimed that he waived counsel without knowledge of the extent of his rights. . . ."

The appellant was entitled to counsel if he requested counsel. He did not request counsel, and to this good day he has not charged that he sought counsel and was refused. Consequently, his constitutional right to the advice of counsel was not denied him. We are of the opinion that the two convictions under Indictment Nos. 134222 and 138973 were valid.

Finally, appellant argues that the court below erred to appellant's substantial prejudice and denied appellant due process of law by refusing appellant's request to instruct the jury that it could acquit appellant on the persistent felony offender charge even if it found that the offense had been proven beyond a reasonable doubt.

At the conclusion of the persistent felony offender stage of the proceeding, counsel for appellant tendered instructions that would have permitted the jury to acquit appellant even though they believed the offense had been proven beyond a reasonable doubt. In other words, appellant argues that the theory of jury nullification required such an instruction. The trial court refused to give the tendered instructions.

The main function of the jury in the second phase of the bifurcated proceeding was to determine whether appellant was guilty or innocent of the crime of armed robbery as charged in Indictment Nos. 134222 and 138973. After an analysis of the instructions tendered with those given by the trial court, and in keeping with KRS 532.080, we are of the opinion that the instructions given by the trial court fully, adequately, and completely cover the law of this case, and the jury was given all of the required alternatives. The trial judge did not err in refusing to give the tendered instructions.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.