**COMMONWEALTH of Kentucky,
Movant,**

v.

**Kenneth RICHARDSON, Respondent.**

Supreme Court of Kentucky.

June 14, 1984.

As Modified on Denial of Rehearing
Sept. 13, 1984.

Steven L. Beshear, Atty. Gen., Martin Glazer, Sarah M. Jackson, Asst. Attys. Gen., Frankfort, for movant.

Daniel T. Goyette, Frank W. Heft, Jr., Louisville, for respondent.

STEPHENSON, Justice.

Kenneth Richardson was convicted of criminal facilitation of first-degree burglary and criminal facilitation of first-degree robbery. Conviction as a persistent felony offender in the first degree enhanced each of the penalties on the primary crimes to a concurrent sentence of ten years' imprisonment each. The Court of Appeals reversed. We granted discretionary review and reverse.

Richardson appealed to the Court of Appeals asserting a *Cotton* error on primary offenses and asserting error in the use of a probated felony sentence as one of the prior convictions in the persistent felony offender proceeding. The Court of Appeals' opinion held that the probated felony sentence was properly used as a prior conviction in accordance with the provisions of the persistent felony statute, KRS 532.080.

However, the Court of Appeals reversed the trial court on the ground that it was error to permit the Commonwealth to prove a prior conviction of burglary when the offense Richardson stands accused of is burglary. The Court of Appeals concluded that *Cotton v. Commonwealth*, Ky., 454 S.W.2d 698 (1970), should be expanded to the proposition that the same type offense

cannot be used as a basis for impeachment. It is this holding that is challenged by the Commonwealth and which precipitates our treatment of the problem.

The entire body of law on the use of prior felony convictions as a method of impeachment culminated in our holding in *Cotton.* This case seemed at the time to present a fair balancing of the rights of the defendants and of society in the trial of criminal cases. It has been recognized that presenting a prior felony conviction to a jury for the purpose of impeachment must have a prejudicial effect. Thus, *Cotton* was conceived as a middle ground, keeping the rule that a defendant or witness who has a prior felony conviction should not be spared the effect of presenting the fact to the jury, but limiting the rule to *"dishonest felonies"*; those so categorized in *Cotton,* dishonesty, stealing and false swearing etc.

Implicit in the *Cotton* rule, and so stated in the opinion, is that the witness may be asked on cross-examination if he had been convicted of the specific offenses without restriction to the number of prior convictions.

*Martin v. Commonwealth,* Ky., 507 S.W.2d 485 (1974), made it plain that *Cotton* held and we approved of a cross-examination of a witness (the defendant) on multiple prior convictions together with the identification of each of the offenses.

*Bell v. Commonwealth,* Ky., 520 S.W.2d 316 (1975), then further explained *Cotton* by holding that the Commonwealth's attorney has the option when he asks the impeaching question, of whether or not to identify the offense. If he does, the defendant has no basis for complaint. If he does not, the defendant may choose to have the offense identified. Thus either the prosecution or defense may choose to identify the offense, and when one does not so choose, the other may choose to leave the specific nature of the offense unidentified. *Commonwealth v. Morris,* Ky., 613 S.W.2d 616 (1981), reaffirmed this principle.

This identification of the nature of the crime has caused the difficulty here. Richardson argues, with logic on his side, that in a prosecution for burglary the impeaching question of a prior conviction for burglary is more likely than not to influence the jury on guilt of the principal charge notwithstanding the usual admonition. We recognize this prejudice particularly with multiple prior convictions on the same offense as the principal charge.

However, the Court of Appeals' opinion in responding to this argument by declaring such impeaching conviction inadmissible restricts the plain language of *Cotton, Martin,* and *Bell.*

■ There is a further complication in the fact that the Penal Code definition of burglary is knowingly or remaining unlawfully in a building with intent to commit a crime. KRS 511.020. The Court of Appeals' opinion holds that it would be the better and safest rule to discard burglary as a dishonest crime. While we appreciate the force of Richardson's argument on the unfair prejudice of introducing a prior conviction of the same type and the principal offense on trial, we hold that *Cotton* and the subsequent cases cited herein approve this procedure and thus the trial court did not commit error in this respect. We, therefore, are of the opinion the decision of the Court of Appeals on this point is erroneous. Also the evidence of guilt is overwhelming.

We are of the further opinion that in answer to the very real problem presented in this case, *Cotton* should be and is hereby overruled.

By overruling *Cotton* we are recognizing the extra prejudice visited on a defendant in circumstances such as are presented here. We are of the opinion that impeaching a witness by use of a prior felony conviction should be governed essentially by the rule promulgated in *Cowan v. Commonwealth,* Ky., 407 S.W.2d 695, 698 (1966), (*Cowan* was modified by *Cotton.*)

In future cases, the rule will· be construed essentially as in *Cowan, supra,* so that a witness may be asked if he has been previously convicted of a felony. If his answer is "Yes," that is the end of it and

the court shall thereupon admonish the jury that the admission by the witness of his prior conviction of a felony may be considered only as it affects his credibility as a witness, if it does so. If the witness answers "No" to this question, he may then be impeached by the Commonwealth by the use of all prior convictions, and to the extent that *Cowan* limits such evidence to *one* prior conviction, it is overruled. After impeachment, the proper admonition shall be given by the court.

■ Prior to permitting questioning of a witness concerning his prior convictions, the trial court shall determine whether the defendant will be unduly prejudiced by such evidence, considering nearness or remoteness of the prior convictions, or such other factors as the court may deem pertinent.

■ Identification of the prior offense or offenses, before the jury, by either the prosecution or defense, is prohibited, and any language to the contrary in *Cotton, supra,* and its progeny is specifically overruled. If proper records are used as the basis of oral testimony by a competent witness for the purpose of impeachment, said records shall not be made available for inspection by the jury if they contain any recitation relating to the nature of the offense on the prior conviction.

The above procedure relates solely to impeachment and does not apply to the persistent felony procedures under KRS 532.080.

The Court of Appeals properly decided the issue relating to a prior conviction which had been probated. However, we reverse on the *Cotton* issue and affirm the judgment of the trial court.

STEPHENS, C.J., and GANT, LEIBSON and WINTERSHEIMER, JJ., concur.

VANCE and AKER, JJ., dissent and file a dissenting opinion.

VANCE, Justice, dissenting.

I concur with the majority opinion except that portion of the opinion which overrules our decision in *Cotton v. Commonwealth.* The rule announced in *Cotton v. Commonwealth,* Ky., 454 S.W.2d 698 (1970), was reached after a careful weighing of the value of admitting testimony of prior felony convictions as an impeachment of the veracity of a defendant against the admitted prejudice which must result to a defendant from evidence that he has committed other felonies.

Formerly, our rules of procedure permitted impeachment by showing the number and the nature of prior convictions of felony. In *Cowan v. Commonwealth,* Ky., 407 S.W.2d 695 (1966), this court recognized the prejudicial effect of proof of conviction of prior felonies and limited such impeachment to the proof of one prior conviction without reference to the nature of the offense.

In *Cotton v. Commonwealth, supra,* we held that, except for felonies involving dishonesty, fraud, false swearing or theft, the prejudice occasioned by proof of prior felonies outweighed the impeachment value of such proof. Proof of conviction of prior felonies was limited, therefore, to those felonies which would tend to show the untrustworthiness of the witness. The type of the offense was permitted to be shown, and the number of prior offenses was not limited, as in *Cowan.*

I believe the *Cotton* rule is preferable to the *Cowan* rule. The reasoning behind *Cotton* was well stated as follows:

"[4] As pointed out in *Gordon v. United States,* 127 U.S.App.D.C. 343, 383 F.2d 936 [1967], common human experience demonstrates that acts of deceit, fraud, cheating, or stealing are increasingly regarded as conduct which reflects adversely on the actor's credibility. Felony convictions that rest on dishonest conduct directly relate to the issue of credibility.

"[5–7] We are, therefore, persuaded that the rule in Cowan should be modified to the extent of allowing impeachment of a witness, including a defendant in a criminal case, by proof of conviction of felonies that rest on dishonesty, steal-

ing, and false swearing, subject, however, to vested discretion, although limited in scope, in the trial judge to limit such evidence. The exercise of discretion by the trial judge in this area should primarily consist of weighing the interest of society in the prosecution of criminal defendants to provide the trial jury with relevant evidence of the witness' untrustworthiness to be believed against the possible prejudice to the witness, particularly in the case of a criminal defendant, in being convicted not of the crime for which he is charged but of some crime for which he has been convicted and punished on some prior occasion. The nearness or remoteness of the prior conviction is a relevant factor to consider in the exercise of this discretion. The probability of prejudice is greater where the crime for which the defendant is presently being tried is one of dishonesty or false statement, especially in those instances where he has been convicted several times previously of the same type of crime. The age and circumstances of the defendant are also proper factors.

"[8, 9] In the instance involved where the prosecution desires to impeach the defendant who testifies by proof of prior felonies, those felonies must be relevant to the issue of credibility. A hearing should be had outside the presence of the jury. Therein it may be ascertained if the defendant has been convicted of a felony and, if so, its nature and circumstances. The trial judge may then determine the admissibility of the impeaching evidence. Where the prior convictions are of felonies not relevant to the issue of credibility, the cross-examiner may not inquire concerning them or any of them either generally or specifically. CR 43.-07, though applicable to criminal cases, must be interpreted to permit impeachment by proof of prior felonies relevant to the issue of credibility and not to allow the device condemned in Cowan.

"[10] By crimes involving dishonesty, stealing, and false swearing, we mean such felonies as perjury, subornation of perjury, obtaining money or property under false pretenses, forgery, embezzlement, counterfeiting, fraudulent alterations, misappropriation of funds, false personation, passing checks without sufficient funds or on nonexistent banks, fraudulent destruction of papers or wills, fraudulent concealment, making false entries, and all felonies involving theft or stealing. This list is not all-encompassing and we are confident that trial judges are capable of determining whether the particular prior felony involves a crime of dishonesty, stealing, or false swearing."

*Cotton v. Commonwealth, supra,* at 701–702.

I would affirm the Judgment of the trial court but would not overrule our previous holding in *Cotton v. Commonwealth,* supra.

AKER, J., joins in this dissent.