**Darrell STACY and Dana Stacy, Appellants,**

v.

**Honorable Calvin N. MANIS, Judge, Perry Circuit Court, Appellee.**

Supreme Court of Kentucky.

March 20, 1986.

Rehearing Denied June 12, 1986.

Joseph F. Kent, Cumberland, for appellants.

David K. Martin, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

Appellants sought a writ of prohibition by an original action in the Court of Appeals to prevent their retrial, alleging double jeopardy as the basis for the writ. Their petition was denied, and they appeal as a matter of right to this court. We affirm the decision of the Court of Appeals.

A mistrial was declared, over appellants' objection, in their earlier trial for arson, burglary, and theft. The claim now made is that no manifest necessity existed for the declaration of the mistrial, and therefore appellants cannot be retried.

The record indicates that appellants contended at their earlier trial that a witness against them, Elmer Godsey, had actually committed the crimes of which appellants and Godsey had each been accused. Godsey was not on trial, however, because the Commonwealth Attorney had promised to charge him only with receiving stolen property in exchange for Godsey's agreement to testify against appellants.

In the cross-examination of Godsey, appellants' counsel asked him about a previous conviction of burglary. The Commonwealth moved for a mistrial based upon the impermissible impeachment of a prosecution witness.

A witness can be impeached by showing that he has previously been convicted of a felony, but the particular felony cannot be identified if the witness admits the prior conviction. *Commonwealth v. Richardson*, Ky., 674 S.W.2d 515 (1984). The appellants here were attempting to establish that the witness, Godsey, rather than themselves, had burglarized and burned a building. The allusion to a previous burglary committed by Godsey has the same vice as the allusion to previously committed unrelated crimes by a defendant in a criminal case. The vice is that while the prior unrelated crime is no proof that the defendant committed the crime for which he is being tried, a jury may nevertheless convict because the defendant has been shown to be a person who has committed such crimes in the past.

Likewise, the reference to Godsey's previous conviction for burglary may have some tendency to cause the jury to believe that he, not the appellants, committed the crime in question. This is a serious and an improper prejudice to the case for the Commonwealth. It was brought about by an improper question by appellants' counsel. The trial judge considered it to manifestly necessitate a mistrial.

Although the burden is on the Commonwealth, in this instance, to show the manifest necessity for granting the mistrial, we feel that it has sustained its burden, and the mistrial granted in the previous trial does not bar retrial on double jeopardy grounds.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and GANT, LEIBSON, STEPHENSON and WINTERSHEIMER, JJ., concur.

WHITE, J., not sitting.