Aloyisus BROWN, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

June 12, 1986.

Joanne M. Yanish, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Kay Winebrenner, Asst. Atty. Gen., Frankfort, for appellee.

WHITE, Justice.

This appeal arises from the Fayette Circuit Court in which appellant was convicted of burglary in the third degree, receipt of stolen property valued over $100, and possession of marijuana. Sentences on the first two were enhanced by PFO status to ten years each to be served consecutively to each other but concurrently with a ninety-day term on the third.

In December 1984 the Lexington Police Department received an anonymous telephone call from a black female informing it that appellant Brown dealt drugs out of his Spring Street house and that the house contained some stolen goods, to wit, a wide-screen television and a stereo radio/cassette player. Investigating reports of thefts of wide-screen televisions, Sergeant Wright determined that such had been taken from a September 1985 break-in at the Two Keys Tavern. The same burglary report included a tape player with the names Henry Harris and Two Keys Bar on it. Two months later the informant called again, inquiring why no action had been taken and adding that the items at Spring Street were from the Two Keys Tavern. A third call the following day gave specific locations within the house of the television and stereo player, which, she added, carried the scratched-off name "James Henry." A check with the parole office verified that appellant's mother's home was #511 Spring Street.

Based upon this information Detective Gaylord Wright prepared an affidavit as the basis of probable cause for a search warrant which thereupon was issued by the Fayette District Court. The television and tape player were found as the informant had described, and additionally marijuana, balance scales, sandwich bags, and a police-type scanner were seized. Prior to trial a hearing was conducted, and appellant's motion to suppress such evidence based upon inadequate probable cause for the warrant was denied.

At trial on cross-examination of Mr. Brown the following exchange occurred:

Q Okay. You said that, no, you don't traffic in marijuana; you just buy it for yourself, right?

A Right, I smoke marijuana.

Q You don't ever traffic in marijuana?

A No.

Q How about other drugs?

A No, no drugs. I work.

Q Okay, let me ask you something then, Mr. Brown. Were you convicted in the Fayette Circuit Court back in 1973 for the offense of trafficking—

MR. GALBRAITH [Defense Counsel]: I object, Your Honor.

THE COURT: Already brought it up. I'll let him answer. Overruled. You may ask.

Q For the offense of trafficking in a narcotic, to-wit, heroin?

A Yeah, at the time that I was convicted of this charge here, uh, this man—this man—Your Honor, I hate to bring up his name—I'll bring—his name was Poorly Hughbanks and the police was after Poorly Hughbanks. And at the time that I was over to Poorly Hughbanks' house over on Fifth Street, and uh, he just gave me some drugs to take out to a car. That's how I got the charge of trafficking in mar—trafficking in heroin.

Q You sold it to an undercover cop, right?

A I didn't, you know, I didn't sell to him. I took it to the car.

On direct examination it had been established under *Commonwealth v. Richardson*, Ky., 674 S.W.2d 515 (1984), that Mr. Brown had been previously convicted of a felony. Inasmuch as he had answered affirmatively neither the nature of this conviction nor the number of previous convictions was revealed as directed under *Richardson*.

■ Mr. Brown reiterates his argument concerning the warrant on appeal, urging that there was insufficient probable cause presented to the District Court to provide the basis for its issuance. *Beemer v. Commonwealth*, Ky., 665 S.W.2d 912 (1984), adopted the warrant standards expressed in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, reh. den. 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983). In *Gates* the two-pronged test of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), was replaced by the less-stringent "totality of the circumstances" evaluation. Citing *Gates*, *Beemer* at 914–915 noted:

> ... The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and the 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud(ing)' that probable cause existed. *Jones v. United States*, supra, 362 U.S. [257] at 271, 4 L.Ed.2d 697, 80 S.Ct. 725 [at 736], 78 ALR2d 233.

Appellant argues that under the facts herein the standard is not met. As shortcomings we are cited to the facts that the caller did not establish how she knew that the items were at Spring Street, nor did she explain why she was calling anonymously. Further, it is urged, there were no indicia of either her honesty or the reliability of her information. It is pointed out that the name "James Henry" which she said had been scratched off the player was not that at all but rather was "Henry Harris." Finally appellant states that there was no corroborative investigation done by the police.

Looking again towards *Gates*, at 232, "... probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules."

The anonymity of the informant is not the gravamen; it is the reliability of her information. In response to appellant's ar-

guments, although the names "James Henry" and "Henry Harris" are different, when considered in light of the other facts, they are sufficiently similar as to persuade the issuing magistrate that the caller knew what she was talking about. Placing the TV and player at specific locations within the home were details suggesting someone familiar with the home. Further, it is not to be discounted that acting upon information from the first call, the police reviewed burglary reports to discover that items matching the informant's description had been stolen from Two Keys Tavern, the same source revealed in the second call. Likewise the Department verified appellant as having a Spring Street address. In toto all this reached beyond mere coincidence and gave the District Court a substantial basis for concluding that probable cause for the search existed in conformity with *Gates* and *Beemer*.

 With respect to the cross-examination of Mr. Brown by the prosecuting attorney, the Commonwealth argues that introducing the prior felony conviction relating to trafficking in heroin was not for general (*Richardson*) impeachment purposes but rather to refute a specific item of allegedly perjurious testimony. Although the Commonwealth argues now that the prosecutor in asking "you don't traffic in marijuana; ... You don't ever traffic in marijuana; ... How about other drugs?" was referencing past as well as present activities, thereby forming the basis for a challenge to appellant's denial, a general reading would indicate that only the present was embraced. Certainly that is what was addressed in appellant's responses: "I smoke marijuana ... I work." It is not necessary, however, for us to clarify this grammatical confusion, for even were error to have been committed, it is impossible for us to state that such prejudicially affected the trial's outcome.

Not only was there the critical evidence seized from Mr. Brown's home, but also the Commonwealth introduced appellant's latent fingerprints taken from two liquor bottles at Two Keys Tavern at the time of the investigation of the burglary therein. Looking at the entire record, it cannot be said that there is a substantial possibility that the outcome would have been any different had the jury not heard of the 1973 conviction for trafficking in heroin. *See inter alia Stiles v. Commonwealth*, Ky. App., 570 S.W.2d 645 (1978).

Accordingly for all the above-mentioned reasoning the judgment of the Fayette Circuit Court is affirmed.

All concur.