RENDERED: SEPTEMBER 29, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0743-MR

JOSHUA E. HUBBARD                                                        APPELLANT

v.                    APPEAL FROM PIKE CIRCUIT COURT
                      HONORABLE EDDY COLEMAN, JUDGE
                      ACTION NO. 18-CR-00184

COMMONWEALTH OF KENTUCKY                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND McNEILL, JUDGES.

DIXON, JUDGE: Joshua E. Hubbard appeals his conviction and judgment entered

by the Pike Circuit Court on June 15, 2022. Following a careful review of the

record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Hubbard was indicted for third-degree sodomy[1] and being a second-degree persistent felony offender[2] (PFO II).[3] At the time these offenses were committed, Hubbard was over 21 years old, and the victim[4] was 15 years old.

Four days before trial, Hubbard moved the court for a continuance, claiming two of his witnesses would be unavailable because one was hospitalized. A hearing was held, and the motion was denied.

During *voir dire*, Hubbard moved the trial court to strike five potential jurors for cause, but his requests were denied. Consequently, Hubbard used his eight peremptory strikes to remove these five jurors from the jury pool. Unusually, the trial court asked if Hubbard would strike anyone else; Hubbard identified two more potential jurors, and they were also excused. (Video Record: 02/14/2022, 11:38:56-11:40:20.) However, Hubbard did not indicate there were others he would have removed had he had additional strikes.

---

[1] Kentucky Revised Statutes (KRS) 510.090, a Class D felony.

[2] KRS 532.080(2).

[3] Hubbard was also indicted for third-degree unlawful transaction with a minor, but the charge was dismissed. KRS 530.070, a Class A misdemeanor.

[4] Pursuant to this Court's policy, since the victim was a minor at the time, we refer to him without using his name.

Hubbard's trial lasted two days at which multiple witnesses testified. Some witnesses corroborated the youth's testimony while others corroborated Hubbard's.

The youth testified he went to Hubbard's garage, which doubled as the barber shop, to get a haircut. After the haircut, the youth invited himself on a group nighttime all-terrain vehicle ride. Although the youth initially denied drinking to law enforcement, at trial he admitted drinking around eight to ten beers that night. The youth testified that Hubbard invited him to stay at his house, gave him clothes to wear, and told him to take a shower. After the youth showered, he dressed and went to Hubbard's bed to sleep. At approximately 6:00 a.m., the youth felt something under the sheet and realized that Hubbard was performing oral sex on him. The youth said he had to use the bathroom, left Hubbard's house, and ran to a neighbor's house. Law enforcement was called, the youth was taken to the hospital, and a sexual assault examination was performed. DNA samples were tested at the crime lab which matched Hubbard's.

Hubbard testified that he did not invite the minor on the nighttime ride, did not drink alcohol that night, and did not supply any alcohol to others. He further testified that while he observed the minor was drunk that night, he did not invite the minor to his home, the minor did not stay at his house, and Hubbard did not perform oral sex on the minor. Hubbard instead claims that when the group

stopped during the rain, he was standing under a tree and spat. Hubbard then heard the youth exclaim something to the effect of, "Hey, you spat on me." According to Hubbard, it was dark, and the youth had come up behind him and started relieving himself when Hubbard accidentally spat on the youth's member. This testimony was meant to explain why Hubbard's DNA was found on the youth's member.

Hubbard tendered jury instructions to the trial court for the lesser included criminal offense of third-degree sexual abuse. The trial court did not submit the instruction to the jury.

The jury ultimately found Hubbard guilty of third-degree sodomy and being a PFO II. They recommended a sentence of ten years imprisonment, which the trial court later imposed. This appeal followed.

## STANDARD OF REVIEW

A "determination as to whether to exclude a juror for cause lies within the sound discretion of the trial court, and unless the action of the trial court is an abuse of discretion or is clearly erroneous, an appellate court will not reverse the trial court's determination." *Pendleton v. Commonwealth*, 83 S.W.3d 522, 527 (Ky. 2002). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

"When the question is whether a trial court erred by . . . not giving an instruction that was required by the evidence, the appropriate standard for appellate review is whether the trial court abused its discretion." *Sargent v. Shaffer*, 467 S.W.3d 198, 203 (Ky. 2015), *as corrected* (Aug. 26, 2015), *overruled by Univ. Med. Ctr., Inc. v. Shwab*, 628 S.W.3d 112 (Ky. 2021).

"The granting of a continuance is in the sound discretion of a trial judge, and unless from a review of the whole record it appears that the trial judge has abused that discretion, this court will not disturb the findings of the court." *Williams v. Commonwealth*, 644 S.W.2d 335, 336-37 (Ky. 1982).

## LEGAL ANALYSIS

On appeal, Hubbard first argues that the trial court committed reversible error by denying his motions to strike five jurors for cause. However, in *Gabbard v. Commonwealth*, 297 S.W.3d 844, 854 (Ky. 2009), the Supreme Court of Kentucky held, "in order to complain on appeal that he was denied a peremptory challenge by a trial judge's erroneous failure to grant a for-cause strike, the defendant must identify on his strike sheet any additional jurors he would have struck." And, while we may question the trial court's denial of some of Hubbard's strikes for cause, Hubbard failed to identify any additional jurors he would have struck had he been given the opportunity to do so; therefore, he cannot now complain.

Hubbard next contends that the trial court erred by denying his motion to instruct the jury for a lesser included offense of third-degree sexual abuse. "A lesser-included offense is an offense that includes the same or fewer elements than the primary offense." *Clark v. Commonwealth*, 223 S.W.3d 90, 94 (Ky. 2007). "An instruction on a lesser included offense is appropriate if, and only if, on the given evidence a reasonable juror could entertain a reasonable doubt as to the defendant's guilt of the greater offense, but believe beyond a reasonable doubt that the defendant is guilty of the lesser offense." *Taylor v. Commonwealth*, 995 S.W.2d 355, 362 (Ky. 1999).

"A person is guilty of sodomy in the third degree when: (a) Being twenty-one (21) years old or more, he or she engages in deviate sexual intercourse with another person less than sixteen (16) years old[.]" KRS 510.090. "'Deviate sexual intercourse' means any act of sexual gratification involving the sex organs of one person and the mouth or anus of another[.]" KRS 510.010(1).

By contrast, "A person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter's consent." KRS 510.130. "'Sexual contact' means the touching of a person's intimate parts or the touching of the clothing or other material intended to cover the immediate area of a person's intimate parts, if that touching can be construed

by a reasonable person as being done: (a) For the purpose of sexual arousal or gratification of either party[.]" KRS 510.010(7).

In the case herein, the evidence did not support the lesser included offense of sexual abuse. Hubbard maintained his innocence at trial and denied any contact with the minor. The youth, on the other hand, testified that he awoke to Hubbard "sucking my penis." He did not testify regarding any other touching or contact. There were no other witnesses to this event. Thus, the jury could only reasonably believe from the evidence presented at trial that Hubbard was guilty of sodomy or not guilty of sodomy or sexual abuse. Accordingly, we find no abuse of discretion in the trial court's decision not to submit an instruction to the jury regarding third-degree sexual abuse.

Hubbard's final argument is that the trial court erred in denying his request for a continuance because of the unavailability of a "key" witness. RCr[5] 9.04 allows a trial to be postponed upon a showing of sufficient cause. Whether a continuance is appropriate in a particular case depends upon the unique facts and circumstances of that case. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841, 849, 11 L. Ed. 2d 921 (1964). "Factors the trial court is to consider in exercising its discretion are: length of delay; previous continuances; inconvenience to litigants, witnesses, counsel and the court; whether the delay is purposeful or is

---

[5] Kentucky Rules of Criminal Procedure.

caused by the accused; availability of other competent counsel; complexity of the case; and whether denying the continuance will lead to identifiable prejudice." *Snodgrass v. Commonwealth*, 814 S.W.2d 579, 581 (Ky. 1991), *overruled by Lawson v. Commonwealth*, 53 S.W.3d 534 (Ky. 2001).

Hubbard claims this "key" witness "was crucial because he would testify that [Hubbard] told the alleged victim he could not stay at [Hubbard's] house and that [Hubbard] provided no alcohol to the alleged victim." However, Hubbard had multiple witnesses testify that he did not provide the youth with alcohol and the youth did not spend the night at Hubbard's house. Consequently, as there was testimony from other witnesses to these facts, the trial court did not abuse its discretion in denying Hubbard's motion to continue the trial based upon the unavailability of that witness.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Pike Circuit Court is AFFIRMED.


ALL CONCUR.

BRIEF FOR APPELLANT:

Ned Pillersdorf
Prestonsburg, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky