Rich Donell **WYDMAN**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

Court of Appeals of Kentucky.

June 14, 1974.

Rehearing Denied Sept. 13, 1974.

Terrence R. Fitzgerald, Deputy Public Defender, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Justice.

The appellant, Rich Donell Wydman, was convicted of the crime of armed robbery, KRS 433.140, by a jury which sentenced him to ten years in the penitentiary. Wydman's accomplice, John Henry Boffman, pleaded guilty to the same charges and received a sentence of fifteen years.

According to testimony given at the trial, the appellant and his accomplice, both armed, entered the Playboy Lounge, 2224 Maple Street, Louisville, a few minutes before midnight on the evening of January 4, 1973. The only two occupants of the lounge, a waitress and a customer, were told to lie on the floor while the robbers took $100 from the cash register and $300 from a cash box. A .38-caliber pistol and several rolls of quarters were also taken.

As the robbers left the tavern, they were spotted in their 1965 or 1966 Cadillac by Eddie Mask who telephoned the police with a description of the car as lavender or burgundy in color. Shortly after the description of the car was broadcast over the police radio, two officers stopped the automobile as it was pulling into the appellant's driveway. The arresting officer, Patrolman Hickman, checked the identification of both men. When Boffman got out of the car, Hickman observed what turned out to be a toy pistol sticking out from under the front seat. When the officer reached into the car to get what he believed was a firearm, he noticed a bag on the front seat which contained the money taken in the robbery. After the money was discovered, Officers Hickman and Jody conducted an intensive search of the car which yielded the stolen .38 pistol under the front seat and three shotguns, a .22 pistol, and a .22 rifle in the trunk.

Appellant argues it was error for the trial court to deny his motion to suppress the evidence of the cash and the .38 pistol taken during the robbery. It is contended that there was no probable cause to stop the appellant and his accomplice and that the arrest cannot be validated later by the evidence which resulted from the search. According to the testimony, the robbers were seen leaving the site of the robbery by Eddie Mask who gave the police a description of the automobile. A description of the robbers themselves was given the police by the victims inside the bar.

In Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1969), the police received a description of the robbers and their station wagon which was specific enough to provide probable cause to stop the automobile, detaining the occupants. According to the decision, the police had probable cause to believe the men were carrying guns since they were reported by eye-witnesses to have been involved in a robbery of a service station, and in that opinion the Supreme Court said:

> " * * * [A]utomobiles and other conveyances may be searched without a warrant in circumstances that would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize."

In the case at bar, the police were given a description of the suspects and their automobile which was sufficiently specific to enable the police to identify the automobile and its occupants. When, as here, the police have probable cause aft-

er a robbery to stop a vehicle and detain its occupants, they are justified in searching the automobile without a warrant for firearms and the fruits of the robbery. As stated in *Chambers*, supra: "The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." The trial court properly refused to suppress the evidence.

We find no prejudicial error in the other grounds asserted for reversal of the conviction.

The judgment is affirmed.

All concur.