Charles J. ESTEP, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Dec. 22, 1983.

Rehearing Denied Feb. 16, 1984.

J. David Niehaus, Deputy Appellate Defender, Frank W. Heft, Jr., Chief Appellate Defender, Daniel T. Goyette, Jefferson Dist. Public Defender, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a jury verdict which found Estep guilty on charges of robbery and being a second-degree persistent felony offender. He was sentenced to forty years in prison.

The questions presented are whether the trial judge abused his discretion in denying his motion for a continuance, whether it was reversible error to permit the introduction of a picture of Estep at the time of his arrest in which he was handcuffed, whether the police officer's comments in response to cross-examination about the post-arrest silence was reversible error, whether the trial court improperly limited the instruction on intoxication, and whether it was error not to suppress evidence found in the glove box of the vehicle.

Estep was convicted of armed robbery of a Majik Market on February 28, 1982, in Louisville. At trial, the jury found him guilty of first-degree robbery, and in a separate persistent felony offender phase, enhanced his punishment from twenty years to forty years in prison.

This Court affirms the judgment.

The principal error complained of is whether the trial judge committed reversible error in denying Estep's motion to suppress a gun found by means of a warrantless search in the glove box of the vehicle used in the robbery. One of the police officers testified that after Estep was removed from the automobile, the door on the passenger side was open. The police officer indicated that it was her intention to open the glove compartment and as she hit the glove box, which already was half-way open, it fell all the way open and the gun slid partially out in view.

■ The police had received a description of the car and the license number used in the robbery. The car was stopped by police, and as Estep was apprehended, he put something under the car. This was later determined to be a yellow ski-mask, similar to the one used in the robbery. Therefore the police had probable cause to stop the automobile and search the vehicle. Accordingly the search was proper pursuant to *Wydman v. Commonwealth,* Ky., 512 S.W.2d 507 (1974).

■ Pursuant to *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), we hold that where probable cause justifies the search of a lawfully stopped vehicle, it also justifies the search of every part of the vehicle and its compartments and contents that may conceal the object of the search.

It is necessary that police have some guidance in respect to the recurring situation involving automobile searches in Kentucky. We adopt the general rule set out in the *Ross, supra,* decision.

■ The reasonable expectation of privacy is a particular relevant factor in determining the validity of any warrantless search. In regard to automobiles, the expectation of privacy is limited because of the nature of the unit. The obvious mobility of a vehicle distinguishes it from the traditional sanctity afforded a residence or fixed premises.

■ The scope of a warrantless search is defined by the object of the search and the places in which there is probable cause to believe it may be found. A lawful search of a fixed premises generally extends to the entire area in which objects may be found and is not otherwise limited. Thus a warrant to search a home also provides authority to open closets, drawers and containers in which the object of the search might be concealed.

Police who have a legitimate reason to stop an automobile and who have probable cause to believe that the objects of the search are concealed somewhere within the vehicle may conduct a warrantless search of the vehicle and all the compartments and containers thereof as well as the contents thereof that are not in plain view.

This decision is in harmony with Section 10 of the Kentucky Constitution which protects the people from unreasonable searches because probable cause is still a prerequisite to an automobile search.

■ The question of the propriety of a search is generally determined upon the particular facts of each case. Here there was a very strong indication that the illegal object of the search was somewhere in the vehicle that had been stopped. We find no

violation of Section 10 of the Kentucky Constitution or of Amendment IV of the United States Constitution. It has been previously held by this Court in *Wydman, supra,* that where there is probable cause to stop a vehicle and detain its occupants, searching an automobile without a warrant for firearms is proper.

*Wagner v. Commonwealth,* Ky., 581 S.W.2d 352 (1979), and *City of Danville v. Dawson,* Ky., 528 S.W.2d 687 (1975) are overruled to the extent that they conflict with this opinion.

■ The trial court did not abuse its discretion in denying Estep's motion for a continuance. The granting of a continuance is always in the sound discretion of the trial judge, and unless it appears that he has abused that discretion, his determination will not be disturbed on appeal. *Williams v. Commonwealth,* Ky., 644 S.W.2d 335 (1982). A careful examination of the record indicates that the trial judge did not abuse his discretion by refusing to grant a continuance because the evidence regarding intoxication to be presented by the absent witness would have been cumulative and would not have affected the final outcome of the trial. *Brannon v. Commonwealth,* Ky., 400 S.W.2d 680 (1966).

■ The trial judge did not commit reversible error by allowing the introduction of a photograph of Estep at the time of his arrest in which he was handcuffed. The trial court noted that the pictures were being offered for the purpose of showing how Estep looked the night of his arrest. The trial judge also indicated that testimony had been previously given that Estep was handcuffed as he was arrested. The appellant acknowledged that the jury already knew that he had been placed under arrest and handcuffed at the time the photograph was introduced. The trial judge admonished the jury that the handcuffs had no significance. The error if any was nonprejudicial. RCr 9.24; *Charles v. Commonwealth,* Ky., 634 S.W.2d 407 (1982).

■ The police officer's response to a cross-examination question asked by the lawyer for Estep was not reversible error. The argument that the officer's response was a comment on Estep's post-arrest silence is unconvincing. One who asks questions which call for an answer has waived any objection to the answer if it is responsive. 1 Wigmore, *Evidence,* Sec. 18 p. 344 (3rd ed. 1940); *See West v. Commonwealth,* 273 Ky. 779, 117 S.W.2d 998 (1938). The answer here was not a comment on post-arrest silence and was responsive to the cross-examination question. Consequently the trial judge did not commit reversible error by overruling the objection and the motion for a mistrial.

■ The intoxication instruction as stated by the trial court was not error. Estep argues that the trial judge should have used the word "robbery" instead of "theft." The instruction adequately protected the rights of the defendant. Any error was only technical and therefore nonprejudicial. *Blake v. Commonwealth,* Ky., 646 S.W.2d 718 (1983).

The judgment is affirmed.

All concur.