RENDERED: DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0859-MR

LYPRENTISS SIMMONS                                APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 20-CR-00998

COMMONWEALTH OF KENTUCKY                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

ACREE, JUDGE: Lyprentiss Simmons, Appellant, appeals the Fayette Circuit

Court's denial of his motion to suppress evidence. Appellant asserts the circuit

court erred in determining the police had probable cause to search his vehicle

without a warrant. Finding no error, we affirm.

# BACKGROUND

Shortly after 1:00 a.m. on August 10, 2020, Officer Crane of the Lexington Police Department noticed a vehicle turn from Delcamp Drive – a side street – onto North Broadway in a manner that caused the vehicle's tires to squeal. This prompted Officer Crane to follow and observe the vehicle, which turned into the parking lot of a nearby Thornton's gas station. The driver, Appellant, exited and reentered the vehicle, and then drove away from the Thornton's.

Noticing the vehicle's registration was expired, Officer Crane stopped the vehicle. Officer Andrews arrived moments later, and both Officers Crane and Andrews approached the vehicle together. Officer Crane observed the occupants of the vehicle – Appellant and a female passenger named Hutsell – were acting nervously. Appellant told Officer Crane he was returning from visiting his aunt in Versailles. Officer Crane asked whether they had stopped anywhere on their way or had been on any side streets, and Appellant answered in the negative to both. Officer Crane told Appellant he observed him turning from Delcamp Drive, a side street.

Based on Appellant's deception about not being on any side streets and Officer Crane's belief that Appellant was trying to evade him by turning into the Thornton's gas station, Officer Crane decided to communicate with police dispatch to confirm Appellant's information. Because Appellant did not have his

driver's license with him, Officer Crane gathered identifying information by asking Appellant questions. The police database revealed Appellant had an outstanding warrant for strangulation. Officer Crane requested backup from K-9 Officer Hallock.

Officer Crane waited for Officer Hallock to arrive, and then Officers Hallock and Crane approached the vehicle together. They advised Appellant he had an active warrant, ordered him to exit the vehicle, and placed him under arrest. Officer Crane took Appellant to his police cruiser and searched Appellant incident to the arrest. Officer Crane found 0.4 grams of cocaine and 294 dollars in Appellant's pockets.

Officer Crane asked Appellant whether he had anything else on him, and Appellant replied he did not. Officer Hallock asked Appellant whether he had any other narcotics on him, warning him to be honest so that Appellant could avoid a charge of promoting contraband. In response, Appellant stated he smokes marijuana. Officer Hallock again asked Appellant whether he had any narcotics on his person, and Appellant stated he had some marijuana in a book bag in the vehicle. Appellant never provided consent for the police to search his vehicle.

Based on Appellant's statement that narcotics were in a bag in his car and that narcotics were found on Appellant's person, Officer Crane believed probable cause existed to support a warrantless search of Appellant's entire

vehicle. Officer Crane directed Hutsell to exit the vehicle and proceeded with the search. Inside, Officer Crane found a black bag on the floor. The bag contained marijuana in plastic baggies, as well as several empty plastic baggies. Several of these baggies had their corners ripped off, a common practice when using plastic baggies to package drugs. Officer Hallock found a brown bag in the vehicle which contained more plastic baggies, a Mason jar with marijuana residue, a disposable "Solo" brand cup with marijuana residue, a vacuum-sealed bag with marijuana residue, a digital scale, and a marijuana grinder. Officer Crane also found a stolen .40 caliber handgun in the glove box.

Appellant filed a motion to suppress the evidence uncovered from the warrantless search of his vehicle. The circuit court held a hearing on the motion on February 3, 2021, where Officers Crane and Hallock testified. Following the hearing, the court made oral findings of fact and conclusions of law that the officers had probable cause to search the vehicle. The court entered a written order denying Appellant's motion on February 7, 2021.

Appellant entered a conditional guilty plea to several offenses, reserving his right to withdraw his plea should he prevail on appeal of the denial of his suppression motion. He now so appeals.

## STANDARD OF REVIEW

When reviewing the denial of a motion to suppress, an appellate court considers a trial court's findings of fact to be "conclusive if supported by substantial evidence." *Bauder v. Commonwealth*, 299 S.W.3d 588, 591 (Ky. 2009) (citing *Ornelas v. United States*, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996)). "Substantial evidence is 'that which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person.'" *Hunter v. Mena*, 302 S.W.3d 93, 97 (Ky. App. 2010) (citing *Bowling v. Nat. Res. & Env't Prot. Cabinet*, 891 S.W.2d 406, 409 (Ky. App. 1994)). However, the appellate court conducts a *de novo* review of the trial court's application of law to its factual findings. *Commonwealth v. Jones*, 217 S.W.3d 190, 193 (Ky. 2006) (citing *Adcock v. Commonwealth*, 967 S.W.2d 6, 8 (Ky. 1998)).

## ANALYSIS

Appellant argues the officers lacked probable cause for a warrantless search of the entire vehicle for evidence related to either strangulation – the offense for which Appellant had an outstanding warrant – or for offenses related to drugs. We conclude the circuit court did not err in determining probable cause existed to search Appellant's vehicle without a warrant.

"'[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well delineated exceptions.'" *Thompson v. Louisiana*, 469 U.S. 17, 19-20, 105 S. Ct 409, 410, 83 L. Ed. 2d 246 (1984) (quoting *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514, 19 L. Ed. 2d 576 (1967)). Kentucky jurisprudence explicitly recognizes this principle. *See Cook v. Commonwealth*, 826 S.W.2d 329, 331 (Ky. 1992) ("It is fundamental that all searches without a warrant are unreasonable unless it can be shown that they come within one of the exceptions to the rule that a search must be made pursuant to a valid warrant.") (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971)).

One exception to the warrant requirement allows warrantless searches of automobiles when probable cause supports such search; "a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained." *United States v. Ross*, 456 U.S. 798, 809, 102 S. Ct. 2157, 2164-65, 72 L. Ed. 2d 572 (1982). A police officer's good faith belief that evidence is present in a vehicle is not, on its own, enough to support application of this exception, and instead the officer's "'faith must be grounded on facts within knowledge of the [officer], which in the judgment of the

court would make his faith reasonable.'" *Id.* (quoting *Carroll v. United States*, 267 U.S. 132, 161-62, 45 S. Ct. 280, 288, 69 L. Ed. 543 (1925)).

It matters not that the items of evidence obtained from Appellant's vehicle were unrelated to his arrest pursuant to the strangulation warrant, nor does it matter that the officers searched areas of the vehicle other than the book bag that Appellant specifically mentioned. "*Ross* allows searches for evidence relevant to offenses other than the offense of arrest, and the scope of the search authorized is broader." *Arizona v. Gant*, 556 U.S. 332, 347, 129 S. Ct. 1710, 1721, 173 L. Ed. 2d 485 (2009). That is, "[t]he scope of a warrantless search of an automobile thus is not defined by the nature of the container in which it is secreted[,]" but "[r]ather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *Ross*, 456 U.S. at 824, 102 S. Ct. at 2172. Or, as the Kentucky Supreme Court has explained:

> Police who have a legitimate reason to stop an automobile and who have probable cause to believe that the objects of the search are concealed somewhere within the vehicle may conduct a warrantless search of the vehicle and all the compartments and containers thereof as well as the contents thereof that are not in plain view.

*Estep v. Commonwealth*, 663 S.W.2d 213, 215 (Ky. 1983).

Accordingly, we must determine whether the circuit court erred in concluding probable cause existed for the officers to search the whole of Appellant's car without a warrant. We conclude the circuit court did not err.

Officer Crane stopped Appellant late at night, after Appellant, in Officer Crane's opinion, attempted to evade him. Both Appellant and his passenger acted nervously, and Appellant lied about driving on a side street. Officer Crane found cocaine and nearly 300 dollars in cash on Appellant's person. Prior to the police ever searching the car, there was probable cause to believe evidence of drugs could be found within the car. In sum, ample evidence provided probable cause to support a warrantless search of Appellant's entire vehicle, even prior to Appellant's admission that more drugs were in a bag inside the vehicle.[1]

Appellant challenges the trial court's reliance upon *Chavies v. Commonwealth*, arguing it is factually distinguishable from the instant case. 354 S.W.3d 103 (2011), *abrogated on other grounds by Roe v. Commonwealth*, 493 S.W.3d 814 (Ky. 2015). In *Chavies*, police had probable cause to believe objects sitting in plain view in a detainee's automobile were stolen; "[o]nce police saw these items, the police had probable cause to believe the car contained other incriminating evidence." *Id*. at 111. The Kentucky Supreme Court determined that probable cause supported the warrantless search of the entire car, noting that "[w]hen police have probable cause to believe a car contains evidence of criminal

_____

[1] As Appellant states in his brief, Appellant admitted to the police that additional drugs were inside his car prior to receiving the warning required by *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1604, 16 L. Ed. 2d 694 (1966). Regardless, ample evidence existed to provide probable cause to search the vehicle, even if *Miranda* required suppression of Appellant's admission.

activity, *they may search the entire vehicle, including areas that are not in plain view*." *Id.* (emphasis supplied) (citing *Estep*, 663 S.W.2d at 215).

We find no error in the trial court's application of *Chavies*. Appellant points out that the stolen items in *Chavies* were in plain view of the officers who searched the car, *id.* at 107, 111, while in the instant case none of the seized evidence was in plain view. However, this distinction is irrelevant. Plain view evidence in a vehicle gives rise to probable cause to search an entire vehicle, but that is not the exclusive basis for finding probable cause. As previously discussed, Appellant's behavior, and possession of drugs and cash on his person, provide sufficient probable cause to search his vehicle without a warrant for other incriminating evidence.

Appellant argues that the automobile exception requires the vehicle to be readily mobile, and that his vehicle was no longer readily mobile because the officers would not have allowed a vehicle with expired registration to be driven on the road. It is correct that the ready mobility of an automobile underpins the automobile exception. As the Supreme Court observed in *California v. Carney*, "our cases have consistently recognized ready mobility as one of the principal bases of the automobile exception." 471 U.S. 386, 391, 105 S. Ct. 2066, 2069, 85 L. Ed. 2d 406 (1985) (citations omitted). "The mobility of automobiles, we have observed, 'creates circumstances of such exigency that, as a practical necessity,

rigorous enforcement of the warrant requirement is impossible.'"  *Id*. at 391, 105 S.

Ct. at 2066 (quoting *South Dakota v. Opperman*, 428 U.S. 364, 367, 96 S. Ct.

3092, 3096, 49 L. Ed. 2d 1000 (1976)).  The Supreme Court subsequently included

mobility as a requirement, stating that "[i]f a car is readily mobile and probable

cause exists to believe it contains contraband, the Fourth Amendment thus permits

police to search the vehicle without more."  *Pennsylvania v. Labron*, 518 U.S. 938,

940, 116 S. Ct. 2485, 2487, 135 L. Ed. 2d 1031 (1996) (citing *Carney*, 471 U.S. at

391-92, 105 S. Ct. at 2069-70).

However, "readily mobile" refers to the "long-recognized distinction

between stationary structures and vehicles . . . ."  *Carney*, 471 U.S. at 390, 105 S.

Ct. at 2068.  The distinction is this:  locomotion is not a characteristic of stationary

structures, but it is a characteristic of vehicles, when mechanically operable.  The

fact that a vehicle is not "street legal" or not possessed of necessary government

permissions does not affect an operationally sound vehicle's characteristic of

locomotion.  *See id.* at 391, 105 S. Ct. at 2070 ("Even in cases where an

automobile was not immediately mobile, the lesser expectation of privacy resulting

from its use as a readily mobile vehicle justified application of the vehicular

exception.").

In *Michigan v. Thomas*, the police had probable cause to perform a

warrantless search of an impounded vehicle while waiting for it to be towed away,

and discovered a revolver hidden inside the dashboard. 458 U.S. 259, 260, 102 S. Ct. 3079, 3080, 73 L. Ed. 2d 750 (1982). The Supreme Court rejected the argument that a vehicle could no longer be searched without a warrant pursuant to the automobile exception once the police have impounded it. *Id.* at 261-62, 102 S. Ct. at 3080-81. "[W]hen police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody." *Id.* at 261, 102 S. Ct. at 3080 (citing *Chambers v. Maroney*, 399 U.S. 42, 90 S. Ct. 1975, 26 L. Ed. 2d 419 (1970); *Texas v. White*, 423 U.S. 67, 96 S. Ct. 304, 46 L. Ed. 2d 209 (1975)).

Despite Appellant's assertion, it does not matter that Appellant would not have been permitted to drive his vehicle away or that the vehicle was presumably towed following Appellant's arrest. Impoundment of the vehicle in *Thomas* effectively deprived government permission to operate it on public roads, but that did not deprive it of mechanical functionality as a mobile vehicle. It is the vehicle's operational capability that continues to distinguish it from stationary structures, and it is that distinction that allows police to search a vehicle without a warrant when there is probable cause otherwise. Neither Appellant's lack of access to the vehicle nor the lack of government permission to move the vehicle

renders the search unconstitutional because the officers had probable cause to search the vehicle for evidence related to narcotics.

Appellant also argues the exception permitting warrantless searches incident to an arrest, as explained in *Gant*, 556 U.S. 332, 129 S. Ct. 1710, did not permit the officers to search Appellant's vehicle because he was already handcuffed and seated in a police cruiser at the time of the search. Because we conclude the police constitutionally searched Appellant's vehicle subject to the automobile exception to the warrant requirement, we need not determine whether the search of Appellant's vehicle was a constitutional application of the exception to the warrant requirement for searches of automobiles incident to arrests.

## CONCLUSION

For the foregoing reasons, we affirm the Fayette Circuit Court's February 7, 2021 order denying Appellant's motion to suppress.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Roy Alyette Durham II
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky